

**UNITED STATES
NUCLEAR REGULATORY COMMISSION
WASHINGTON, D.C. 20555-0001**

June 6, 2025

<u>**BY ELECTRONIC FILING**</u>

Clifton Cislak, Clerk of Court
United States Court of Appeals
  for the District of Columbia Circuit
333 Constitution Ave., NW
Washington, DC 20001

    Re:   *Beyond Nuclear v. U.S. Nuclear Regulatory Commission*,
           No. 24-1318
           oral argument not yet scheduled

Dear Mr. Cislak:

On May 29, 2025, the Supreme Court issued an opinion in *Seven County Infrastructure Coalition v. Eagle County*, No. 23-975. The Court reversed the D.C. Circuit's vacatur of an environmental impact statement and a federally approved project.

The *Seven County* decision marks a sharp course correction for judicial review under NEPA, 42 U.S.C. § 4321 et seq. The Court rejected the pervasive practice of courts taking "an aggressive role in policing agency compliance," and held that the "bedrock principle" governing review in NEPA cases is "deference." *Seven County*, slip op. at 8, 15. When evaluating environmental effects, "an agency will invariably make a series of fact-dependent, context-specific, and policy-laden choices about the depth and breadth of its inquiry." Id. at 12. These choices must be upheld if "they fall within a broad zone of reasonableness." Id. The D.C. Circuit thus erred when it concluded the

-2-

C. Cislak

federal agency failed to take a "hard look" by not analyzing the projects' effects "more extensively." *Id.* at 5-6. The D.C. Circuit simply "did not afford the [agency] the substantial judicial deference required in NEPA cases." *Id.* at 8. The Court further recognized that the deference afforded to an agency extends to the agency's determination of what information will inform its decisionmaking. *Id.* at 10 (recognizing that an agency is "better equipped to assess what facts are relevant to the agency's own decision than a court is"); *see also* Opinion concurring in judgment at 10 (recognizing that NEPA does not compel an agency to analyze information that, as a matter of law, is not germane to its decision).

These principles apply squarely to this case. As set forth at pp. 29, 34-39, 46-54, 54-59 of Federal Respondents' Brief, Petitioners' challenges largely constitute "flyspecking" of the agency's comprehensive evaluation of the effects of accidents, to which deference is warranted. Further, as set forth at pp. 39-44, Petitioners' arguments concerning the efficacy of the NRC's safety regime ignore that the focus of the agency's consideration of a license renewal application is aging management, and that its analysis under NEPA is appropriately centered on this issue.

Respectfully,

/s/ Andrew P. Averbach
    Solicitor
*Counsel of Record for U.S.*
*Nuclear Regulatory Commission*